IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-106 |
| | * | |
| JEMELL LAMAR RAYAM | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending is Jemell Lamar Rayam's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF 560). Rayam requests compassionate release on the basis of an underlying health condition (Alopecia Universalis), as well as the recent protests related to the death of George Floyd.

First, the court is not persuaded that Rayam's underlying condition rises to the level of an "extraordinary and compelling reason" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i).[1] Rayam asserts that Alopecia Universalis indicates an underlying immune deficiency, but he does not provide medical or other documentation supporting this claim. Indeed, he appears to concede that he does not currently suffer from an autoimmune disorder. (ECF 560 at 2 ("[I]f . . . I came in contact with [COVID-19], it can cause severe complication which could lead to an auto immune disorder.")). Moreover, Rayam does not allege that the

---

[1] According to the United States Sentencing Commission, "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the Bureau of Prisons ("BOP"). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D). The BOP criteria for "other reasons" justifying a sentence reduction are set forth in Program Statement 5050.50 ("Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)"). As this court and others have held, however, the court possesses independent discretion—guided, but not bound by, Sentencing Commission and BOP criteria—to determine whether there are "extraordinary and compelling reasons" to reduce a sentence. *See United States v. Decator*, --- F. Supp. 3d ----, 2020 WL 1676219, at *3 (D. Md. Apr. 6, 2020) (citing cases).

1

Centers for Disease Control or other health organization has determined that Alopecia Universalis is a risk factor for developing serious illness related to COVID-19.

Second, while the court appreciates Rayam's reflections on his time as a police officer and his commitment to personal change, the court does not find that this constitutes an extraordinary and compelling reason for a sentence reduction. Rayam has served only a small portion of the 144-month sentence imposed on May 30, 2019, (ECF 502 (Judgment)), and the court is not persuaded he has demonstrated a sustained period of rehabilitative and infraction-free conduct. *See United States v. Scott*, Crim. No. JKB-16-429, ECF 413 at 3 ("Also weighing against release is the fact that Scott has served only roughly 36 months of a 135-month sentence for a serious crime.").

For the reasons explained above, Rayam's motion for compassionate release (ECF 560) is DENIED.

So Ordered this __20th__ day of July, 2020.

                                                              __/S/__
                                            Catherine C. Blake
                                            United States District Judge