IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-106 |
| | * | |
| JEMELL RAYAM | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Now pending is Jemell Rayam's second pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 598) and his associated motion to appoint counsel (ECF 613). Rayam seeks relief on the basis that underlying health conditions (Alopecia Universalis and Vitamin D deficiency) increase his risk of severe illness from COVID-19.

To the extent that Rayam requests home confinement, the court is without authority to grant it. "The discretion to release a prisoner to home confinement lies solely with the Attorney General." *United States v. Byers*, No. 1:18-cr-00036-MR-WCM-1, 2020 WL 3513703, \*2 (W.D.N.C. Jun. 29, 2020) (citing 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g)).

As for Rayam's request to reduce his sentence, the court's conclusion in its order on Rayam's first motion for compassionate release (ECF 570) that his proffered reasons for compassionate release did not rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i) has not changed.[1]

The Centers for Disease Control ("CDC") has issued guidance on underlying conditions that increase an individual's risk of severe illness related to COVID-19. *See Coronavirus Disease 2019*

---

[1] 28 U.S.C. § 994(t) gives the United States Sentencing Commission the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act of 2018 and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id*. at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

*(COVID-19): People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020). The CDC distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition "are at increased risk" (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition "might be at an increased risk" (e.g., type 1 diabetes). *Id.* Neither Alopecia Universalis or a Vitamin D deficiency are listed among the CDC's conditions that may or do pose a risk of severe illness from COVID-19, but Rayam argues that his conditions compromise his immune system.

Even assuming this to be true, the CDC advises that "having a weakened immune system *might* increase your risk of severe illness from COVID-19" and its evidence to support a link between the two is "mixed." *See id.*; *Evidence used to update the list of underlying medical conditions that increase a person's risk of severe illness from COVID-19*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/evidence-table.html (updated Nov. 2, 2020). Similarly, "[r]esearch findings about vitamin D and COVID-19 have been mixed and sparse." Rita Rubin, *Sorting out Whether Vitamin D Deficiency Raises COVID-19 Risk*, Journal of American Medical Association Network, Medical News & Perspectives, https://jamanetwork.com/journals/jama/fullarticle/2775003 (Jan. 6, 2021). Absent evidence of other underlying conditions that make Rayam particularly vulnerable to COVID-19, the court remains unpersuaded that Rayam's conditions are grounds for compassionate release.

Accordingly, Rayam's second motion for compassionate release (ECF 598) and his motion to appoint counsel (ECF 613) are DENIED.

So Ordered this __1st__ day of February, 2021.

　　　　　　　　　　　　　　　　　　_____/S/_____
　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　United States District Judge